# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | | |
|---|---|---|
| RUSSELL, | ) | 3:13-cv-00241-MMD-VPC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF U.S. MAGISTRATE JUDGE** |
| NICHOLAS PAPPAS, | ) | |
| | ) | |
| Defendant. | ) | October 7, 2013 |
| _____ | ) | |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge.  The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.  Before the court is plaintiff's application to proceed *in forma pauperis* (#1) and *pro se* complaint (#1-1).[1]  The court has thoroughly reviewed the record and recommends that plaintiff's application to proceed *in forma pauperis* be granted, but that plaintiff's complaint be dismissed with prejudice.

## I.    Plaintiff's Application to Proceed *In Forma Pauperis*

Based on the financial information provided in plaintiff's application to proceed *in forma pauperis*, the court finds that plaintiff is unable to pay the filing fee in this matter.  Accordingly, the court recommends that plaintiff's application to proceed *in forma pauperis* be granted.

## II.    Screening Pursuant to 28 U.S.C. § 1915

Applications to proceed *in forma pauperis* are governed by 28 U.S.C. § 1915, which "authorizes the court to dismiss an [*in forma pauperis*] action that is frivolous or malicious."

_____

[1] Refers to the court's docket number.

*Franklin v. Murphy*, 745 F.2d 1221, 1226 (9th Cir. 1984) (citing 28 U.S.C. § 1915(a) (citing 28 U.S.C. § 1915(d)).  This provision applies to all actions filed *in forma pauperis*, whether or not the plaintiff is incarcerated.  *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

28 U.S.C. § 1915 provides: "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and this court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.  *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (citation omitted).  Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  Allegations in *pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers, and must be liberally construed.  *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *see also Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir. 2011); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative

level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  *Id.* (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 235-36 (3d ed. 2004)).  At a minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III.   Discussion

Plaintiff has purportedly filed a complaint for medical malpractice (#1-1).  He alleges diversity jurisdiction, as the defendant psychiatrist allegedly resides in California and plaintiff seeks ten million dollars in compensatory and punitive damages.  *Id.* at 1.  Plaintiff lists the counts as follows:  October, 2008 (count 1, abandonment of patient); September 2009 (count 2 violation of privacy/violation of medical ethics standards/ slander/ malpractice/ violation of patient confidentiality);[2] August 2012 (count 3, violation of privacy, violation of medical ethics standards, slander/malpractice/violation of patient confidentiality).  *Id.*

The body of plaintiff's complaint begins mid-sentence.  *Id.* at 2.  It consists of two pages of a narrative of sorts.  Plaintiff alleges that he had met the defendant previously when he worked with defendant's daughter and "believed in [plaintiff's] suicidal state that [defendant] was the appropriate one to talk to because of the depression and suicidal tendencies which were being intentionally aggravated by [defendant's] daughter."  *Id.*  Plaintiff alleges that he borrowed money and traveled from Utah to California in order to receive treatment from this psychiatrist.  *Id.*  Plaintiff alleges that when defendant had the one counseling session with plaintiff, which defendant terminated once

---

[2] While, as discussed below, the court need not reach the issue, it observes that any medical malpractice claims that plaintiff knew or reasonably should have known occurred more than two years before plaintiff initiated this action would be barred by the statute of limitations.  Nev. Rev. Stat. § 41A.097(1).

plaintiff revealed his true identify, defendant formed a doctor-patient relationship with him then abandoned him, refusing to treat him or refer him to another doctor.  *Id.*

Plaintiff attaches a letter that defendant addressed to the Justice Court of Reno on September 8, 2009 and signed under penalty of perjury.  *Id.* at 9.  Defendant wrote that in October 2008 he conducted an intake evaluation of plaintiff, who revealed at the end of the session that his actual name was Russell.  *Id.*  Defendant wrote that at that point he realized that this was the person who had been harassing his daughter; therefore, he terminated the session and told plaintiff not to contact his daughter again.  *Id.*  Defendant finally opined that plaintiff "is clearly manipulative, emotionally unstable, depressed, paranoid, borderline psychotic, and that he is capable of physical harm to others and himself."  *Id.*  This letter appears to form the basis for plaintiff's allegations that defendant violated patient confidentiality.  *Id.*

Most of plaintiff's complaint is devoted to complaining about various actions on the part of defendant's daughter, including allegations that she was harassing plaintiff.  *Id.* at 2-3.  He also attaches as exhibits two documents that purportedly are emails sent to plaintiff.  *Id.* at 7-8.  The documents are purportedly directed at "Russell" and contain explicit and violent threats.  *Id.*  He fails to explain what these are, who they are supposedly to or from or how they relate to any claims against the defendant.  *Id.*

The court concludes that plaintiff sets forth no plausible factual allegations against the defendant.  Plaintiff's own allegations and the evidence he himself provides demonstrate that his complaint is factually frivolous and malicious.  As amendment is clearly futile, this complaint should be dismissed with prejudice and without leave to amend.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

**IV.      Conclusion**

      **IT IS THEREFORE RECOMMENDED** that plaintiff's application to proceed *in forma pauperis* (#1) be **GRANTED**.

      **IT IS FURTHER RECOMMENDED** that the Clerk **FILE** plaintiff's complaint (#1-1).

      **IT IS FURTHER RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE**.

      **IT IS FURTHER RECOMMENDED** that the Clerk **ENTER JUDGMENT** accordingly and close this case.

      The parties should be aware of the following:

1.  Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt.  These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.  This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed.R.App.P. 4(a)(1) should not be filed until entry of the District Court's judgment.

**DATED**: October 7, 2013.

_____
**UNITED STATES MAGISTRATE JUDGE**