UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RUSSELL, | Case No. 3:13-cv-00241-MMD-VPC |
| Plaintiff, | ORDER |
| v. | |
| NICHOLAS PAPPAS, | |
| Defendant. | |

I.   **SUMMARY**

Before the Court is the Report and Recommendation of Magistrate Judge Valerie P. Cooke ("R&R") entered on October 7, 2013, recommending the Court grant Plaintiff's application to proceed *in forma pauperis* and dismiss Plaintiff's Complaint with prejudice. (Dkt. no. 3.) Plaintiff timely filed an objection on October 18, 2013. (Dkt. no. 4.) For the reasons set out below, the R&R is adopted in part and modified in part.

II.   **FACTS AND BACKGROUND**

The Complaint is messy and difficult to parse. Plaintiff lists three counts at the top: (1) count one – "abandonment of patient" in October, 2008; (2) count 2 – "violation of privacy/violation of medical ethics standards/slander/malpractice/violation of patient confidentiality" in September, 2009; and (3) count 3 – "violation of privacy, violation of medical ethics standards, slander, malpractice, violation of patient confidentiality" in August, 2012. (Dkt. no. 1-1 at 1.)

Below the listed counts, the Complaint contains two pages of scattered factual allegations. The key allegations in the Complaint as to sole named Defendant Nicholas

Papas appear to be as follows. A chaplain made an appointment for Plaintiff to see Defendant psychiatrist and made the appointment under the wrong name. (*Id.* at 2.) Plaintiff wanted to be treated by Defendant because Plaintiff experienced "depression and suicidal tendencies which were being intentionally aggravated by" Defendant's daughter. (*Id.*) Plaintiff traveled from Utah to California to see Defendant. (*Id.*) During counseling, Defendant realized that Plaintiff was talking about Defendant's daughter, made Plaintiff pay for the session, fill out paperwork and leave. (*Id.*) Defendant then stopped returning Plaintiff's letters and phone calls. (*Id.*) In 2012, while Plaintiff was trying to get a protective order against Defendant's daughter, Defendant's daughter submitted as "evidence" a letter to the Court dated September 8, 2009, and addressed to "The Justice Court of Reno Township" from Defendant. (*Id.* at 2-3, Ex. 2.) The letter states that Defendant did an intake evaluation of Plaintiff, who was using a different name, that Plaintiff had been harassing his daughter, that Plaintiff said that he would not contact Defendant's daughter, and that Defendant believes Plaintiff to be manipulative, emotionally unstable, depressed, paranoid, borderline psychotic and capable of harm. (*Id.*, Ex. 2.) The Complaint alleges that Defendant sent this letter to his daughter. (*Id.* at 3.)

The majority of the allegations in the Complaint, however, do not relate to Defendant but instead relate to alleged harassment of Plaintiff by Defendant's daughter, who is not a party.

Upon review of Plaintiff's claims, Judge Cooke determined that the Complaint sets forth no plausible factual allegations and is frivolous and malicious. (Dkt. no. 3 at 4.) The R&R recommends the Court grant Plaintiff's application to proceed *in forma pauperis* and dismiss the Complaint with prejudice. (*Id.* at 5.)

III. **LEGAL STANDARD**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to

1 | "make a *de novo* determination of those portions of the [report and recommendation] to
2 | which objection is made." *Id.*

3 | Upon granting a request to proceed *in forma pauperis*, a court must additionally
4 | screen a complaint pursuant to § 1915(e). Specifically, federal courts are given the
5 | authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a
6 | claim upon which relief may be granted, or seeks monetary relief from a defendant who
7 | is immune from such relief. § 1915(e)(2). "To survive a motion to dismiss, a complaint
8 | must contain sufficient factual matter, accepted as true, to state a claim to relief that is
9 | plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotations
10 | and citation omitted). In considering whether the plaintiff has stated a claim upon which
11 | relief can be granted, all material allegations in the complaint are accepted as true and
12 | are to be construed in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621
13 | F.2d 1037, 1039 (9th Cir. 1980). Moreover, allegations of a *pro se* complainant are held
14 | to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*,
15 | 404 U.S. 519, 520 (1972) (per curiam). When a court dismisses a complaint under §
16 | 1915(e), the plaintiff should be given leave to amend the complaint with directions as to
17 | curing its deficiencies, unless it is clear from the face of the complaint that the
18 | deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d
19 | 1103, 1106 (9th Cir.1995) (citation omitted).

20 | **IV. ANALYSIS**

21 | The Court agrees that the Complaint appears to be frivolous. Many of the
22 | allegations are focused on what appears to be Plaintiff's ongoing feud with Defendant's
23 | daughter, who is not a defendant in this action. Plaintiff's allegations about Defendant's
24 | daughter's threats and intimidation are not relevant to Plaintiff's claims and suggest to
25 | the Court that Plaintiff is using this action as a forum for airing his grievances as to
26 | Defendant's daughter. However, the alleged facts in the Complaint certainly give rise to
27 | the *possibility* of misconduct. Defendant is alleged to have disclosed communications
28 | from a counseling session to Defendant's daughter and provided her with an opinion as

to Plaintiff's mental health. The Court therefore determines that amendment would not necessarily be futile and Plaintiff will be granted leave to file an amended complaint.

If Plaintiff chooses to file an amended complaint, Plaintiff must file an amended complaint that is complete in and of itself. Fed. R. Civ. P. 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Plaintiff's amended complaint should therefore only allege those facts relevant to stating a viable claim as to Defendant's alleged disclosure of private or confidential information. In the amended complaint, Plaintiff should clearly identify each separate cause of action and identify which factual allegations support each cause of action.

Fed R. Civ. P. 8(a) also requires "a short and plain statement of the grounds for jurisdiction[.]" Although the Complaint does state that the Court has diversity jurisdiction, the Court is uncertain whether it has personal jurisdiction over Defendant, a doctor who works in California and appears to have no contacts with Nevada. Further, Plaintiff should recognize that, by default, the Court applies Nevada substantive law, not California law. *See Hanna v. Plumer*, 380 U.S. 460, 465 (1965) (in diversity cases, "federal courts are to apply state substantive law and federal procedural law"). Plaintiff refers to one of his claims as "abandonment of patient," which is a type of claim recognized under California law but not established in Nevada.

## V.   CONCLUSION

It is hereby ordered that the R&R (dkt. no. 3) is adopted in part and modified in part. Plaintiff's application to proceed *in forma pauperis* (dkt. no. 1) is granted. The Clerk is ordered to detach and file the Complaint (dkt. no. 1-1). The Complaint (dkt. no. 1-1) is dismissed *without* prejudice for the reasons stated in this Order. Plaintiff is granted thirty (30) days leave to file an amended complaint consistent with this Order's instructions.

DATED THIS 30th day of June 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE