# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| RUSSELL, | ) | |
| | ) | 3:13-cv-00241-MMD-VPC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| NICHOLAS PAPPAS, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | August 25, 2014 |
| _____ | ) | |

On June 30, 2014, the court dismissed plaintiff's purported civil rights complaint with leave to file an amended complaint, if he was able to state a claim for which relief may be granted (#6). On July 7, 2014, plaintiff filed what he titled as "amendment to complaint" (#8). However, the document is simply a confusing narrative of events that he admits he sets forth only as background to his complaint. *Id*. at 2. At one point he mentions that he wishes to add defendants. This document is wholly insufficient, and is not an amended complaint. Accordingly, plaintiff shall have thirty (30) days from the date of this order to file his amended complaint, if any.

If plaintiff elects to file an amended complaint, he is reminded that he should specifically identify each defendant to the best of his ability, clarify what constitutional right he believes each defendant has violated—or any other basis for his claims—and support each claim with factual allegations about each defendant's actions. There can be no liability under 42 U.S.C. § 1983 or *Bivens* unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Plaintiff's claims must be set forth

in short and plain terms, simply, concisely and directly. *See Swierkeiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); Fed. R. Civ. P. 8.

Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**IT IS THEREFORE ORDERED** that plaintiff shall have **thirty (30) days** from the date of this order within which to file his first amended complaint remedying, if possible, the defects in the complaint explained in the Report and Recommendation (#3).  Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court.  Plaintiff shall clearly title the amended complaint as such by placing the words "FIRST AMENDED COMPLAINT" on page 1 in the caption, and plaintiff shall place the case number, 3:13-cv-00241-MMD-VPC, above the words "FIRST AMENDED COMPLAINT."

**IT IS FURTHER ORDERED** that plaintiff is expressly cautioned that if he fails to file a first amended complaint within the time period specified above, the court will issue a report and recommendation that the matter be dismissed with prejudice.

**DATED**: August 25, 2014.

_____
**UNITED STATES MAGISTRATE JUDGE**

-2-